NO. 07-01-0139-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 8, 2002

_____

SANTOS JOEL ARZOLA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 180TH DISTRICT COURT OF HARRIS COUNTY;

NO. 843464; HONORABLE DOUG SHAVER, JUDGE

_____

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Appellant Santos Joel Arzola appeals his conviction for aggravated sexual assault of a child and his punishment of confinement for 10 years. We dismiss for want of jurisdiction.

Appellant was charged by indictment with the felony offense of aggravated sexual assault of a child less than 14 years of age. Pursuant to a plea agreement with the State,

appellant waived trial by jury and entered a plea of guilty. The trial court accepted the plea of guilty, found appellant guilty, followed the plea agreement and sentenced appellant to 10 years confinement in the Institutional Division of the Texas Department of Criminal Justice. No motion for new trial was filed. Appellant, acting *pro se*, timely filed a general notice of appeal.

Appellant's appointed appellate counsel has filed a Motion to Withdraw and a Brief in Support thereof. In support of the motion, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed. In the opinion of counsel this court's appellate jurisdiction has not been invoked over the appeal. Further, counsel has concluded that even if our appellate jurisdiction has been invoked, the record reflects no reversible error or grounds upon which a non-frivolous appeal can arguably be predicated.

Even though counsel has set out the basis for her conclusion that this court does not have jurisdiction over the appeal, her brief nevertheless demonstrates a conscientious review of the entire record and analysis of the legal issues involved in a potential appeal, including appellant's written waiver of his right of appeal. After referencing and analyzing the record and the applicable law, counsel has discussed why, under the controlling authorities, there is no reversible error in the trial court's judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has attached exhibits showing that a copy of the Anders brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of his right to review the record and file

a response to counsel's motion and brief. Appellant has not filed a response to counsel's motion and brief.

We have made an independent examination of the record to determine whether there are any arguable grounds meriting appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). In doing so, we have found that appellant's notice of appeal from his plea-bargained conviction is a general notice of appeal and does not urge any of the three bases for appeal set out in TEX. R. APP. P. 25.2(b)(3).

To perfect appeal from a judgment which was rendered on the defendant's plea of guilty or *nolo contendere* under Code of Criminal Procedure article 1.15, and in which the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice of appeal must (a) specify that the appeal is for a jurisdictional defect; (b) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (c) state that the trial court granted permission to appeal. See TEX. R. APP. P. 25.2(b)(3); Young v. State, 8 S.W.3d 656, 666-67 (Tex.Crim.App. 2000). If the form of a notice of appeal does not invoke the jurisdiction of a court of appeals, the appellate court does not have jurisdiction to address the appeal and can only dismiss the appeal. See State v. Riewe, 13 S.W.3d 408, 411-12 (Tex.Crim.App. 2000).

We agree with counsel's conclusion that our appellate jurisdiction has not been invoked by appellant's general notice of appeal.  Accordingly, the appeal is dismissed for lack of jurisdiction.  See id.  Because we have no jurisdiction over the appeal except to dismiss it, we cannot and do not consider appellate counsel's Motion to Withdraw.


Phil Johnson
Justice


Do not publish.


4